Bobby Stariks was convicted of sexual abuse in the first degree in violation of § 13A-6-66, Code of Alabama (1975), and was sentenced to seven years in the penitentiary. Three issues are raised on appeal.
 I.
Stariks contends that the prosecutor's exercise of peremptory challenges to remove male jurors from the venire in order *Page 1303 
to acquire an exclusively female jury violated the principles of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986). We disagree.
The Fourth Circuit Court of Appeals addressed this issue inUnited States v. Hamilton, 850 F.2d 1038 (4th Cir. 1988), cert.denied, ___ U.S. ___, 110 S.Ct. 1109, 107 L.Ed.2d 1017 (1990). The appellants in Hamilton challenged the Government's use of peremptory strikes of women made solely on the basis of their gender and argued that the principles of Batson and the Equal Protection Clause had been violated. The Fourth Circuit held:
 "Clearly, if the Supreme Court in Batson had desired, it could have abolished the peremptory challenge or prohibited the exercise of the challenge on the basis of race, gender, age or other group classification. A careful examination of the Batson opinion, however, leads this Court to the firm conclusion that, in light of the important position of the peremptory challenge in our jury system, the Court intended Batson to apply to prohibit the exercise of peremptory challenges on the basis of race only."
850 F.2d at 1042-43.
We adopt the holding of the Fourth Circuit inHamilton and therefore reject Stariks's attempt to extendBatson to cases of alleged gender discrimination in the exercise of peremptory challenges.
 II.
Stariks contends that the trial court committed reversible error in failing to give a curative instruction directing the jury to disregard a witness's statement about physical evidence of sexual abuse of the victim's sister.
During defense counsel's cross-examination of Sergeant Danny McGriff of the Dothan Police Department, McGriff testified that there was no physical evidence that the seven-year-old victim, T. M., had been sexually abused. On redirect examination of McGriff, the following occurred:
 "Q. Mr. Hudgins asked you about physical evidence. By that, you didn't find any signs of blood or cuts or tears or anything like that; is that right?
"A. No, sir. No, sir, not with T.
"Q. How about [the sister]?
"A. Yes, sir.
"MR. HUDGINS: Judge, I'm going to object.
"THE COURT: Sustained.
 "MR. HUDGINS: Your Honor, I would ask that the Court instruct the jury to disregard that last comment from the stand.
 "MR. BINFORD: That's right on point with the case that we gave the Court, the sister — acts that were committed against the sister
. . . .
(Bench Conference, off the Record.)
"MR. BINFORD: That's all I have at this time.
 "THE COURT: Okay. You can step down. Anything else, Gary?
 "MR. HUDGINS: Judge, I just want an opportunity to recall him.
 "THE COURT: I'll give you an opportunity to recall him if you have one or two more questions off the tape.
 "MR. BINFORD: Judge, if I could also ask him if we could borrow his tape player?
 "THE COURT: Okay. If he wants to loan it to you."
It is clear from this colloquy that Stariks made no objection to the prosecutor's question about the victim's sister until after the question had been asked and answered. Furthermore, Stariks then received a favorable ruling on his objection. "Where a question is asked and answered before an objection is made, the objection comes too late, and the trial court's ruling is not error." Thompson v. State, 527 So.2d 777, 779
(Ala.Cr.App. 1988).
Although Stariks then requested a curative instruction, an off-the-record discussion *Page 1304 
ensued before the trial court could rule on Stariks's request. At the conclusion of the off-the-record bench conference, the prosecutor indicated that he had no further questions of Sergeant McGriff. The trial court then specifically asked defense counsel if he had "[a]nything else." Defense counsel replied that he only wanted an opportunity to recall McGriff and to borrow the witness's tape player. The court granted defense counsel's requests. At no time during this exchange did Stariks reiterate on the record his previous request for a curative instruction or object on the record to the court's failure to give such an instruction. Stariks has therefore failed to preserve this issue for appellate review. Aplin v.State, 421 So.2d 1299, 1302 (Ala.Cr.App. 1981); Ex parteChambers, 522 So.2d 313 (Ala. 1987).
 III.
Stariks contends that the trial court committed reversible error in admitting into evidence an inculpatory statement made by him outside the presence of counsel because the State, she says, failed to establish that he knowingly and intelligently waived his privilege against self-incrimination.
It is axiomatic that extrajudicial confessions are prima facie involuntary, and the State bears the burden of proving voluntariness and the proper Miranda predicate for the statement's admissibility. Lewis v. State, 535 So.2d 228, 234
(Ala.Cr.App. 1988). The determination of the statement's voluntariness, moreover, is left to the trial court's discretion, and that decision will not be disturbed on appeal unless it is palpably contrary to the great weight of the evidence. Hammins v. State, 439 So.2d 809, 811 (Ala.Cr.App. 1983). The trial court, furthermore, need only be convinced by a preponderance of the evidence that the statement was voluntarily made. Bush v. State, 523 So.2d 538, 554
(Ala.Cr.App. 1988).
The record clearly supports the trial court's determination that Stariks's inculpatory statement was voluntary and therefore admissible. Sergeant McGriff, who took Stariks's statements on three separate occasions, testified that before he took Stariks's statements he read the Miranda rights to Stariks and that Stariks indicated that he understood and wished to waive the rights. McGriff also testified that Stariks was not threatened or coerced into making the statements, and Stariks agreed with this testimony. The record is devoid of any evidence suggesting that Stariks was intoxicated, was suffering from lack of sleep, or was deprived of food, water, or bathroom facilities.
At trial Stariks presented no facts to support his claim that his confession was involuntary. He asserts for the first time on appeal that his waiver of rights was involuntary because he is of below-normal intelligence, has difficulty communicating, and because he was questioned three times during a 24-hour period.
Stariks testified that he nearly completed his high school education, and the record reveals that he understood and gave appropriate responses to questions he was asked at trial. Although nothing in the record suggests that Stariks was mentally impaired, the fact that a defendant is illiterate or of below normal intelligence does not render a statement involuntary. Lewis v. State, 535 So.2d at 235. These factors affect the weight and credibility of the confession rather than its admissibility. Id.
Finally, the fact that Stariks was questioned three times in a 24-hour period does not present a finding that the confession was voluntary. The record discloses that on January 23, 1989, Stariks made a statement during a 30-minute interrogation session. He was questioned again approximately 10 minutes later and made a statement during that interrogation, but the record does not reveal the length of that interrogation. Stariks gave a third statement the following day, but the length of the final interrogation does not appear in *Page 1305 
the record. Stariks made the inculpatory statement during the third interrogation.
The record is devoid of any suggestion that Stariks was subjected to unreasonable, lengthy interrogations under coercive circumstances that resulted in his free will being overborne. An examination of the totality of the circumstances in this case supports the trial court's discretionary determination that Stariks's confession was voluntary and was therefore admissible. Agee v. State, 465 So.2d 1196, 1200
(Ala.Cr.App. 1984). Admission of Stariks's inculpatory statement into evidence was not an abuse of discretion, and the trial court's ruling is due to be affirmed.
The foregoing opinion was prepared by the Honorable James H. Faulkner, Retired Justice, Supreme Court of Alabama, serving as a judge of this Court, and his opinion is hereby adopted as that of this Court.
AFFIRMED.
All the Judges concur.