The appellant, Samuel L. Dysart, was convicted of assault in the first degree, a violation of § 13A-6-20, Code of Alabama 1975. He was sentenced to life in prison.
The State's evidence tended to show that on the evening of January 7, 1989, Ms. Helena Thompson was stabbed by the appellant while at the Mod Social Club in Foley, Alabama. Evidence was offered that the appellant and the victim had previously lived together but had broken off their relationship prior to this incident. Earlier in the evening, the victim saw the appellant at the dog track in Pensacola, Florida, while she was there with two friends. When the victim returned to Foley that evening, she saw the appellant again at the Foley Civic Center. After the civic center closed, Ms. Thompson went to the Mod Social Club, where she again saw the appellant. The appellant told her that he loved her, and Ms. Thompson said that she no longer loved the appellant. At this point the appellant took out a knife and stabbed the victim in the side. He continued to hit her with his fist several times after she fell to the ground. The appellant also put his hands around her neck as if to "break it." A friend of the victim, who was also present at the Mod Social Club, testified that the appellant said, "If I can't have you, ain't nobody else going to have you." A patron of the club finally managed to get the appellant away from the victim, and the appellant fled the scene. The victim was taken to South Baldwin Hospital, where she underwent emergency surgery. A knife blade was removed from her abdomen. Dr. Nichols, who performed the surgery, testified that the injuries she had sustained were life threatening. On appeal, the appellant raises four issues.
 I
The appellant initially argues that the standard ofBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986), should be extended to "gender based" peremptory strikes. This court recently addressed this issue in the case of Daniels v. State, 581 So.2d 536 (Ala.Cr.App. 1990); see also, Stariks v. State, 572 So.2d 1301 (Ala.Cr.App. 1990). InDaniels, we held that Batson does not extend to gender-based peremptory strikes.
 " 'Although the Court in Batson relaxed the evidentiary burden of Swain [v. Alabama, 380 U.S. 202, 85 S.Ct. 824, *Page 543 13 L.Ed.2d 759 (1965)], it offered no intimation that it was extending the equal protection safeguards involving peremptory strikes to gender: "By requiring trial courts to be sensitive to the racially discriminatory use of peremptory challenges, our decision enforces the mandate of equal protection and furthers the ends of justice." 106 S.Ct. at 1724 (emphasis added). While the strictures of the Equal Protection Clause undoubtedly apply to prohibit discrimination due to gender in other contexts, there is no evidence to suggest that the Supreme Court would apply normal equal protection principles to the unique situation involving peremptory challenges.
" '. . . .
 " 'Clearly, if the Supreme Court in Batson had desired, it could have abolished the peremptory challenge or prohibited the exercise of the challenges on the basis of race, gender, age or other group classification. A careful examination of the Batson opinion, however, leads this Court to the firm conclusion that, in light of the important position of the peremptory challenge in our jury system, the Court intended Batson to apply to prohibit the exercise of peremptory challenges on the basis of race only.' "
Daniels, 581 So.2d at 538, quoting United States v. Hamilton,850 F.2d 1038, 1042-43 (4th Cir. 1988), cert. dismissed sub nom. Washington v. United States, 489 U.S. 1094,109 S.Ct. 1564, 103 L.Ed.2d 931 (1989), cert. denied, Hamilton v. UnitedStates, ___ U.S. ___, 110 S.Ct. 1109, 107 L.Ed.2d 1017 (1990). We see no reason to depart from this decision here.
 II
The appellant next argues that the trial court erred in allowing the victim to testify to the ultimate matter at issue, i.e., the intent of the appellant. Intent, the appellant contends, is an element of the offense as described in §13A-6-20, Code of Alabama 1975, and as such, he argues, it is a question for the jury. The following occurred during the examination of the victim:
 "Q: (Prosecutor): What did he do next, Miss Thompson?
 "A: He put both his hands around my neck like he was trying to break it.
 "Mr. Fleming (Defense Counsel): And objection to what he was trying to do, move to strike.
"The Court: Overruled.
"The Witness: Well, that's what he was doing.
By Mr. Wilters [Prosecutor]:
 "Q: It's all right, Mrs. Thompson. He had both his hands around your neck?
"A: (Nods head affirmatively.)
"Q: You need to answer.
 "A: But it was just not around it, you know, he was doing this (indicating).
"Q: What was he doing with his hands?
 "A: Well, seems like he was trying to break my neck."
The witness in the instant case was clearly having difficulty describing what took place. Her use of the statement, "like he was trying to break my neck," was a "collective fact" or "shorthand way" of stating what the appellant was doing with his hands around her neck.
 "A witness may testify to his opinion if it is a collective fact or a shorthand rendition of fact. This variety is most commonly referred to as the collective fact exception and arises when the facts observed by the witness are so many or so inexpressible that he is allowed to give the jury his opinion. His opinion is conceived of as being a shorthand way of giving the facts and, consequently, does not constitute a violation of the opinion evidence rule. When the witness is asked, for example, if a particular person was drunk, this is considered permissible as a shorthand way of expressing several well known facts or characteristics."
C. Gamble, McElroy's Alabama Evidence, § 127.01(3) (3d ed. 1977). The court committed no error in allowing the victim to state her opinion in this instance.
 III
The appellant next argues that the evidence does not support the offense as charged in the indictment. Specifically, he *Page 544 
argues that there was a material variance between the evidence introduced at trial and the evidence needed to satisfy the requirements of the Code section pursuant to which the appellant was charged. The appellant was indicted under §13A-6-20(a)(1), Code of Alabama 1975. The section states:
 "A person commits the crime of assault in the first degree if:
 "(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument."
The appellant argues that the evidence presented at trial did not conform with the section of the statute under which he was indicted but rather conformed to § 13A-6-20(a)(2), Code of Alabama 1975. This section states:
 "A person commits the crime of assault in the first degree if:
". . . .
 "(2) With intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such an injury to any person."
The indictment charged that the appellant:
 ". . . did, with intent to cause serious physical injury to Helena Thompson, by means of a deadly weapon or dangerous instrument, to-wit: A knife, in violation of § 13A-6-20(a)(1) of the Code of Alabama. . . ."
The evidence presented at trial established that the victim sustained injuries to her spleen and stomach by a knife blade that broke off in her abdomen. This evidence was relevant to prove that the appellant caused "serious physical injury to another person . . . by means of a deadly weapon." The evidence presented was consistent with the crime charged. No variance occurred here.
 IV
Last, the appellant argues that the trial court erroneously sentenced him under the Habitual Felony Offender Act. He cites several reasons for this contention. Initially, he argues that the two prior convictions of manslaughter and possession of a pistol after a crime of violence, were not correctly proven by the prosecutor introducing certified copies of the prior case action summary sheets. "A 'case action summary sheet' maintained by the district court clerk's office, or a certified copy thereof, properly entered and duly certified, may be offered as proof of prior convictions." Johnson v. State,541 So.2d 1112, 1116 (Ala.Cr.App. 1989). In the instant case, the copies of the case action summary sheets relating to each of the two prior convictions were certified; thus they were correctly admitted to prove the two prior convictions.
The appellant further argues that there was no proof of two prior felonies since the date of appellant's birth as stated on the case action summary sheets was different from the date he stated was his date of birth. The record reflects that the certified copies of the case action summary sheets relating to both prior convictions had the appellant's complete name on them, "SAMUEL LEON DYSART." "There is a prima facie presumption that where two names are identical that those names refer to the same person." Davis v. State, 457 So.2d 992, 995
(Ala.Cr.App. 1984).
In the instant case, at the first sentencing hearing, appellate counsel made it known to the trial court that the date of birth stated on the case action summary sheets as appellant's date of birth and the date that the appellant stated was his date of birth were not the same. The date of birth listed on the case action summary sheets was 7-31-51; the appellant stated that his date of birth was 7-13-49. When the trial court became aware of this inconsistency, it postponed the sentencing until the State could obtain more proof.
The State presented two witnesses who stated that from their information the appellant had been convicted of two prior *Page 545 
felonies. Mary Andronopolis, from the Board of Pardons and Parole, identified the appellant as the individual she spoke to on April 13, 1989. At that time the appellant told her that he had been convicted of manslaughter in Dallas County seven years earlier. The appellant objected to this evidence. However, the appellant cannot claim error here since he objected on the basis that the prior convictions were not correctly proven because they did not contain his correct date of birth. This testimony was elicited to prove that the case action summary sheets introduced to prove the prior convictions were those of the appellant. The State was free to produce evidence that the appellant was the same person that had been convicted of two prior felonies. Furthermore, the appellant had ample opportunity to cross-examine the two witnesses.
The State also presented several items concerning the manslaughter conviction. A picture of the appellant's wife, Annie Dysart, who was killed by the appellant and a mug shot of the appellant were introduced. The mug shot noted that the appellant was arrested on April 7, 1979, the same day on which Annie Dysart was killed. The State also presented a copy of the arrest report for the 1979 offense of murder. The report stated that the appellant had a tattoo on his left arm which said, "Annie." Annie, as stated above, was the appellant's ex-wife who had been killed. The appellant himself put his identification at issue; thus no error occurred here.
The arrest report and the other evidence discussed above were correctly considered by the trial court for the purpose of identifying the appellant as the person who committed the crimes at issue. "Disputed facts shall be determined by the preponderance of evidence. Evidence may be presented by both the state and the defendant as to any matter that the court deems probative on the issue of sentence." Rule 6(b)(2) Ala.R.Crim.P.Temp. "The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant." State v. Hawkins,490 So.2d 594, 599 (La.App. 2d Cir.), writ denied,494 So.2d 1174 (La. 1986).
As this court stated in Hosey v. State, 344 So.2d 1230
(Ala.Cr.App.), cert. denied, 344 So.2d 1235 (Ala. 1977):
 "The range of outside matters entitled to consideration by the trial judge in fixing punishment is extremely broad. Few limitations are to be found. However, it is hardly questionable that there are limitations, that there are circumstances not growing out of the particular case in which the defendant is sentenced. . . ."
Hosey, 344 So.2d at 1233.
For the foregoing reasons, this case is hereby affirmed.
AFFIRMED.
All the Judges concur except BOWEN, J., concurs in result only.