581 So.2d 545 (1991)
Ex parte Samuel L. DYSART.
(Re Samuel L. Dysart v. State of Alabama).
1900763.
Supreme Court of Alabama.
May 10, 1991.
David A. Simon, Bay Minette, for appellant.
James H. Evans, Atty. Gen., for appellee.
Prior report: Ala.Cr.App., 581 So.2d 541.
*546 HOUSTON, Justice.
WRIT DENIED.
HORNSBY, C.J., and ALMON, SHORES, STEAGALL, KENNEDY and INGRAM, JJ., concur.
MADDOX and ADAMS, JJ., dissent.
MADDOX, Justice (dissenting).
The Court of Criminal Appeals, with one Judge dissenting, has held that the rule of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), does not apply to a prosecutor's use of peremptory strikes to exclude women from jury service.
The Court of Criminal Appeals cites in support of its conclusion the case of United States v. Hamilton, 850 F.2d 1038 (4th Cir.1988) (Murnaghan, J., dissenting); cert. dismissed sub nom. Washington v. United States, 489 U.S. 1094, 109 S.Ct. 1564, 103 L.Ed.2d 931 (1989), and several state cases. Those cases do hold that gender-based peremptory challenges do not offend any provision of the United States Constitution, but I think the better reasoned view on the constitutional issue of purposeful gender discrimination is contained in United States v. DeGross, 913 F.2d 1417 (9th Cir. 1990), in which the Ninth Circuit Court of Appeals, although recognizing that the Fourth Circuit, in Hamilton, had reached a different conclusion, squarely held that the Fifth Amendment's equal protection principles prohibited gender-based peremptory challenges.[1]
The reasoning of DeGross is so cogent that I quote from that case extensively:
"In Batson, the Supreme Court held that the equal protection clause of the fourteenth amendment prohibits a prosecutor from exercising peremptory challenges on the basis of a venireperson's race. 476 U.S. at 89, 106 S.Ct. at 1719. We now address the question whether the principles established in Batson compel us to prohibit the exercise of peremptory challenges on the basis of the venireperson's gender. At the outset, however, we must note that the constitution treats gender classifications differently than racial classifications. While the constitution will not allow racial classifications unless they are suitably tailored to serve a compelling state interest, the constitution tolerates gender classifications that are substantially related to the achievement of important governmental objectives. See City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 440-41, 105 S.Ct. 3249, 3254-55, 87 L.Ed.2d 313 (1985) (discussing the different levels of constitutional scrutiny to which different classifications are subjected). Peremptory challenges are a necessary means for achieving the important governmental objective of impaneling a fair and impartial jury. See Swain v. Alabama, 380 U.S. 202, 211-12, 85 S.Ct. 824, 831-32, 13 L.Ed.2d 759 (1965); Batson, 476 U.S. at 123, 106 S.Ct. at 1737 (Burger, C.J., dissenting). A party is not always able to justify his sudden and immediate impression that a particular venireperson will be partial. See id.; Lewis v. United States, 146 U.S. 370, 376, 13 S.Ct. 136, 138, 36 L.Ed. 1011 (1892).
"But challenges explained by a venireperson's gender are not based on a party's sudden impression of a particular venireperson's ability to be impartial. Rather, like racial challenges, they are based either on the false assumption that members of a certain group are unqualified to serve as jurors, Batson, 476 U.S. at 86, 106 S.Ct. at 1717 (citing Norris v. Alabama, 294 U.S. 587, 599, 55 S.Ct. 579, 584, 79 L.Ed. 1074 (1935)), or on the false assumption that members of certain groups are unable impartially to consider the case against a member or a non-member of their group, cf. Batson, 476 U.S. at 89, 106 S.Ct. at 1719 (assumption that members of a certain group are unable to consider a case against a member of their group is false). Peremptory challenges exercised on the basis of a venireperson's *547 gender, therefore, are not substantially related to achieving an impartial jury. See id. at 98-99, 106 S.Ct. at 1723-24 (prohibiting discriminatory peremptory challenges will not undermine the contribution of peremptory challenges to the administration of justice).
"In addition to their failure to relate substantially to the important governmental interest of an impartial jury, gender-based peremptory challenges also fail to relate substantially to other important governmental interests including public confidence in the judicial system and the absence of community prejudice. Racial discrimination during jury selection harms the excluded venirepersons, undermines public confidence in the judicial system, and stimulates community prejudice. Id. at 87, 106 S.Ct. at 1718. Because gender discrimination during jury selection is not substantially related to the achievement of an important governmental interest, the fifth amendment's equal protection principles compel us to prohibit peremptory challenges on the basis of gender.
"Peremptory challenges based on gender, like those based on race, harm the excluded venireperson because discriminatory challenges are based on group membership whereas juror competence depends upon an individual's qualification. Id. Just as `a person's race simply "is unrelated to his fitness as a juror,"` id. at 99, 106 S.Ct. at 1724 (quoting Thiel v. Southern Pac. Co., 328 U.S. 217, 227, 66 S.Ct. 984, 989, 90 L.Ed. 1181 (1946) (Frankfurther, J., dissenting)), so too a person's gender is unrelated to her ability to serve as a juror. Taylor v. Louisiana, 419 U.S. 522, 537, 95 S.Ct. 692, 701, 42 L.Ed.2d 690 (1975). Gender bears no relationship to an individual's ability to participate on a jury. Cf. Frontiero v. Richardson, 411 U.S. 677, 686, 93 S.Ct. 1764, 1770, 36 L.Ed.2d 583 (1973).
"Furthermore, full community participation in the administration of the criminal justice system, whether measured by race or gender, is critical to public confidence in the system's fairness. See Taylor, 419 U.S. at 530, 95 S.Ct. at 697. A jury is not truly representative of the community unless both sexes have the same opportunity to serve. See Ballard v. United States, 329 U.S. 187, 193-94, 67 S.Ct. 261, 264-65, 91 L.Ed. 181 (1946). The exclusion of men, or of women, is as incongruous with traditional notions of the jury as a representative body `"composed of the peers of equals of the person whose rights it is selected or summoned to determine,"` Batson, 476 U.S. at 86, 106 S.Ct. at 1717 (quoting Strauder v. West Virginia, 100 U.S. 303, 308, 25 L.Ed. 664 (1880)), as exclusion of a racial minority.
"And, just as racial discrimination in the judicial system is a stimulant to community prejudice that impedes fair treatment for racial minorities, Batson, 476 U.S. at 87-88, 106 S.Ct. at 1718-19, so too is gender discrimination in the judicial system a stimulant to community prejudice which impedes fair treatment for women. See Personnel Administrator v. Feeney, 442 U.S. 256, 273, 99 S.Ct. 2282, 2293, 60 L.Ed.2d 870 (1979) (like classifications based on race, gender classifications have traditionally been the touchstone for pervasive and often subtle gender discrimination).
"We conclude, therefore, that equal protection principles prohibit peremptory challenges exercised on the basis of a venireperson's gender."
913 F.2d at 1421-23.
I think that the Court of Criminal Appeals erred in concluding that the state may engage in purposeful gender discrimination in the exercise of its peremptory challenges. Consequently, I would grant the writ in this case.
NOTES
[1] In Hamilton, the court had discussed the equal protection clause of the Fourteenth Amendment, but that case involved a federal prosecution. However, as pointed out in footnote 7 of DeGross, 913 F.2d at 1421, while Batson involved a state defendant, the Batson principle is applicable to federal prosecutions under the Fifth Amendment's due process clause.