587 So.2d 1039 (1991)
Ex parte Manson FISHER, Jr.
(Re Manson Fisher, Jr. v. State).
1901499.
Supreme Court of Alabama.
September 13, 1991.
David Schoen, Montgomery, for appellant.
James H. Evans, Atty. Gen., and Robin Blevins, Asst. Atty. Gen., for appellee.
Prior report: Ala.Cr.App., 587 So.2d 1027.
PER CURIAM.
WRIT DENIED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
MADDOX and ADAMS, JJ., dissent.
MADDOX, Justice (dissenting).
The petitioner raises several issues that he claims are meritorious, including a claim that the prosecutor used his peremptory strikes to exclude women from his jury. I think that this claim has merit, and I would grant his petition for the writ of certiorari to address that claim.
According to the opinion of the Court of Criminal Appeals, the petitioner's counsel objected to the prosecutor's striking of women from the jury, whereupon the prosecutor responded by stating that women were not a "racially cognizable group defined under Batson," and that, even if Batson applies, the defendant was not a female *1040 and, therefore, would lack standing to raise the issue.
The Court of Criminal Appeals agreed with the State's argument and held that "the standards of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), do not extend to `gender based' peremptory strikes." 587 So.2d at 1030.
In Ex parte Bankhead, 585 So.2d 112 (Ala.1991), this Court, although holding on original deliverance that a white defendant lacked standing to challenge the prosecutor's striking of black prospective jurors, on rehearing followed Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), in which the Supreme Court of the United States held that a white defendant had standing to challenge the striking of black veniremen from his jury as a violation of the Equal Protection Clause. In Bankhead, this Court noted that the United States Supreme Court has held "that a defendant in a criminal case can raise a third-party equal protection claim on behalf of jurors excluded by the prosecution because of their race," and further said that "[b]ased on Powers, we must now hold that Bankhead, a white, has standing under the Equal Protection Clause to challenge the prosecutor's allegedly racially motivated use of peremptory challenges." 585 So.2d at 117.
Shortly after Powers was released, the United States Supreme Court held, in Edmonson v. Leesville Concrete Co., ___ U.S. ___, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), that the principles enunciated in Batson applied in civil cases. Shortly after its Edmonson decision was released, the Court, in Sky Chefs, Inc. v. Dias, ___ U.S. ___, 111 S.Ct. 2791, 115 L.Ed.2d 965 (1991), issued a writ of certiorari to the Court of Appeals for the Ninth Circuit, vacated the judgment, and remanded the case to the Court of Appeals "for further consideration in light of Edmonson v. Leesville Concrete Co." In view of that action by the Supreme Court, I believe that the Court has recognized that a party has standing to challenge gender-based peremptory strikes. At least one State court has held that women qualify as a "cognizable group" within the meaning of the prohibition against the exercise of peremptory challenges to exclude prospective jurors on the basis of group bias. Di Donato v. Santini, 232 Cal.App.3d 721, 283 Cal.Rptr. 751 (1991).
I believe that the petitioner has stated a meritorious claim under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712 (1986), and Ex parte Branch, 526 So.2d 609 (Ala. 1987), which applies the Batson principle in Alabama, and under Powers and Edmonson. I would grant the petition and review the decision of the Court of Criminal Appeals insofar as it holds that a male defendant has no standing to challenge the State's use of peremptory strikes to remove women from the jury solely because they were women; consequently, I must respectfully dissent.