596 So.2d 42 (1991)
Anthony Paul MURPHY
v.
STATE.
CR 90-648.
Court of Criminal Appeals of Alabama.
October 11, 1991.
Rehearing Denied November 15, 1991.
*43 William R. Blanchard, Montgomery, for appellant.
James H. Evans, Atty. Gen., and Andy S. Poole, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
The appellant, Anthony Paul Murphy, was convicted of sodomy in the first degree and sexual abuse in the first degree. He was sentenced to 10 years in prison on the sexual abuse charge and life in prison on the sodomy charge, the sentences to run consecutively. On appeal the appellant presents three issues.

I
The appellant initially argues that the trial court erred in denying his Batson motion based on his allegation that males were improperly excluded from the jury. This issue has come before this court on more than one occasion. The law currently states that Batson does not extend to gender-based strikes. Fisher v. State, 587 So.2d 1027 (Ala.Cr.App.1991), writ denied, 587 So.2d 1039 (Ala.1991); Daniels v. State, 581 So.2d 536 (Ala.Cr.App.1990), writ denied, 581 So.2d 541 (Ala.1991); Dysart v. State, 581 So.2d 541 (Ala.Cr.App. 1990), cert. denied, 581 So.2d 545 (Ala. 1991); Stariks v. State, 572 So.2d 1301 (Ala.Cr.App.1990).

II
The appellant next contends that the trial court erred in defining "reasonable doubt" for the jury. The appellant maintains that the court's instruction violated the United States Supreme Court's holding in Cage v. Louisiana, 498 U.S. ___, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). The appellant contends that the following instruction constituted reversible error:
"Now, you will observe, ladies and gentlemen of the jury, that the state is not required to convince you of the defendant's guilt beyond all doubt but simply beyond all reasonable doubt and to a moral certainty. Beyond a reasonable doubt means beyond a doubt for which a real and substantial reason may be given. This is the law.
"....
"Ladies and gentlemen, whatever verdicts you reachIf the state has proven the case beyond a reasonable doubt and to a moral certainty and proven the elements of the offense, it will be your duty to return a verdict of guilty as to the charge or charges proven. If the state does not prove either or both of the offenses beyond a reasonable doubt and to a moral certainty, it will be your duty to return a verdict of not guilty as to any charge or charges the state does not prove."
(R. 289-90.)
The appellant maintains that the court's use of the term "substantial doubt" several times in its instruction lessened the degree necessary to convict him of the crimes charged. We do not agree. The United States Supreme Court in Cage v. Louisiana stated the following:
"It is plain to us that the words `substantial' and `grave,' as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard. When those statements are then considered with the reference to `moral certainty,' rather than evidentiary certainty, it becomes clear that a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause."
Cage, 498 U.S. at ___, 111 S.Ct. at 329-30. (Emphasis added.)
This court recently held in Adams v. State, 587 So.2d 1265 (Ala.Cr.App.1991), and Williams v. State, [Ms. 89-191, June *44 14, 1991], ___ So.2d ___ (Ala.Cr.App.1991), that the use of some of the terminology used in Cage does not automatically render the instruction impermissible under Cage. As this court stated in Adams:
"In [Cage] the United States Supreme Court held that when the terms `substantial doubt' and `grave uncertainty' are considered with the reference to the term `moral certainty,' a reasonable juror could find that the degree of proof required to convict is less than that required by the Due Process Clause."
Adams, 587 So.2d at 1268-69. (Emphasis added in Adams.)
It is clear from a review of the instruction that the trial court did not violate the Supreme Court's holding in Cage. A review of the trial court's instruction as a whole shows that the trial court adequately charged the jury on the definition of "reasonable doubt."

III
The appellant further contends that the trial court erred in allowing one of the state's witnesses to testify. Specifically, the appellant contends that the witness was not competent to testify at trial.
"A presumption of competency attends a witness." Smith v. State, 380 So.2d 345 (Ala.Cr.App.1980). "`The court must, by examination, decide upon the capacity of one alleged to be incompetent from idiocy, lunacy, insanity, drunkenness or infancy.' It has been held that a trial judge's ruling on this question stands on appeal unless there is strong evidence of an abuse of sound discretion." C. Gamble, McElroy's Alabama Evidence § 92.01(2) (4th ed. 1991), quoting § 12-21-165(6), Code of Alabama 1975. "The burden of proving the incompetency of a witness is upon the party objecting." Smith, 380 So.2d at 348.
In the instant case, prior to state's witness Bobby Spurlin's testifying, the witness was questioned extensively concerning his competency. The witness was 18 years old and was in special education classes. It is clear from his answers that he understood the difference between telling the truth and telling a lie. It is also clear that he understood that he was bound to tell the truth on the witness stand. We see no reason why the witness would not be competent to testify. "In each particular case where the competency of a witness is challenged the fundamental question is whether `the derangement or defect is such as to make the person highly untrustworthy as a witness.'" Smith, 380 So.2d at 347. We do not believe after an examination of Spurlin's testimony that his testimony would be "highly untrustworthy."
The appellant maintains that since the witness could not correctly define the word "oath" and had trouble remembering a name that he was incompetent as a witness. We do not agree. "The particular defects in the witness's capacity to observe and remember went to [his] credibility and were matters for the jury." Smith, 380 So.2d at 348. The witness was correctly permitted to testify.
For the reasons stated above, the appellant's conviction is due to be affirmed.
Affirmed.
PATTERSON, P.J., and McMILLAN, J., concur.
BOWEN, J., dissents with opinion.
BOWEN, Judge, dissenting.
I dissent from Part I of the opinion in which the majority concludes that "Batson does not extend to gender based strikes."
I adhere to my position that gender discrimination is prohibited under state law. See Daniels v. State, 581 So.2d 536, 540-41 (Ala.Cr.App.1991) (Bowen, J., concurring in part and dissenting in part), cert. denied, 581 So.2d 541 (Ala.1991), and Fisher v. State, 587 So.2d 1027, 1039 (Ala.Cr.App.) (Bowen, J., concurring specially[1]), cert. denied, *45 587 So.2d 1039 (Ala.1991). See also Ex parte Fisher, 587 So.2d 1039 (Ala.1991) (Maddox, J., dissenting); Ex parte Dysart, 581 So.2d 545, 546-47 (Ala.1991) (Maddox, J., dissenting).
NOTES
[1] I concurred specially in Fisher, explaining that a dissent would be a "futile gesture" in light of the decision of the Alabama Supreme Court in Ex parte Bankhead, 585 So.2d 112 (Ala.1991). In that opinion, the Court held that a white defendant did not have standing to challenge the prosecutor's use of his peremptory strikes to remove black venire members from the jury. The court stated that "the defendant's group identity must correlate with the identity of the group excluded from the jury in order to establish an equal protection claim." I quoted this language in my concurrence in Fisher, noting that the defendant in Fisher was a male who challenged the prosecutor's use of peremptory strikes to remove females. On May 24, 1991, the Alabama Supreme Court granted rehearing in Bankhead, withdrew its original opinion, and substituted a new opinion in which it held, following Powers v. Ohio, 493 U.S. 1068, 110 S.Ct. 1109, 107 L.Ed.2d 1017 (1990), that a white defendant did have standing to challenge the removal of black venire members from the jury. Ex parte Bankhead, 585 So.2d 112, 117 (Ala. 1991). The language from the original opinion that I quoted in Fisher was obviously deleted from the rehearing opinion.