I dissent from Part I of the opinion in which the majority concludes that "Batson does not extend to gender based strikes."
I adhere to my position that gender discrimination is prohibited under state law. See Daniels v. State,581 So.2d 536, 540-41 (Ala.Cr.App. 1991) (Bowen, J., concurring in part and dissenting in part), cert. denied, 581 So.2d 541
(Ala. 1991), and Fisher v. State, 587 So.2d 1027, 1039
(Ala.Cr.App.) (Bowen, J., concurring specially[1]), cert. denied, *Page 45 587 So.2d 1039 (Ala. 1991). See also Ex parte Fisher,587 So.2d 1039 (Ala. 1991) (Maddox, J., dissenting); Ex parte Dysart,581 So.2d 545, 546-47 (Ala. 1991) (Maddox, J., dissenting).
[1] I concurred specially in Fisher, explaining that a dissent would be a "futile gesture" in light of the decision of the Alabama Supreme Court in Ex parte Bankhead, 585 So.2d 112
(Ala. 1991). In that opinion, the Court held that a white defendant did not have standing to challenge the prosecutor's use of his peremptory strikes to remove black venire members from the jury. The court stated that "the defendant's group identity must correlate with the identity of the group excluded from the jury in order to establish an equal protection claim." I quoted this language in my concurrence in Fisher, noting that the defendant in Fisher was a male who challenged the prosecutor's use of peremptory strikes to remove females. On May 24, 1991, the Alabama Supreme Court granted rehearing inBankhead, withdrew its original opinion, and substituted a new opinion in which it held, following Powers v. Ohio,493 U.S. 1068, 110 S.Ct. 1109, 107 L.Ed.2d 1017 (1990), that a white defendant did have standing to challenge the removal of black venire members from the jury. Ex parte Bankhead, 585 So.2d 112,117 (Ala. 1991). The language from the original opinion that I quoted in Fisher was obviously deleted from the rehearing opinion.