*1142
ON RETURN TO REMAND

TAYLOR, Judge.
We remanded this case to the’ Circuit Court of Jefferson County so that that court could hold a Batson[1] hearing and make findings as to whether the reasons given by the prosecution for striking the black prospective jurors were race-neutral. 585 So.2d 133. The trial court has complied with our directions and has filed its findings with this court.
The record shows that the state had 15 strikes. Of those 15 strikes, 7 were used to eliminate black veniremembers. Two blacks sat on the appellant’s jury, and one black member of the venire was an alternate who sat on the jury until the jury retired for deliberation. The following reasons were given for striking the prospective black jurors:
Veniremember number 109 — Was struck because he had problems with being sequestered and with sitting in judgment of another person. Also indicated that he had problems with the death penalty.
Veniremember number 192 — Was struck because she was pregnant and had a young child at home. She had a problem in sitting in judgment of someone else.
Veniremember number 68 — Was struck because he had a problem with being sequestered because he told the court that he begged for money at night.
Veniremember number 67 — Was struck because he did not fit the “best-juror” profile. He was born in 1902 and was 85 years old at the time of trial.
Veniremember number 54 — Was struck because she was a woman.
Veniremember number 89 — Was struck because she was a woman.
Veniremember number 175 — Was struck because he did not like the idea of being sequestered. Appeared “disgusted.”
Initially, we consider whether the reasons given by the prosecutor are race-neutral. “A veniremember’s indication that service on the jury would be a hardship is a valid race-neutral reason for striking that veniremember.” Yelder v. State, [Ms. 3 Div. 212, October 11, 1991] 1991 WL 238088, *7 (Ala.Cr.App.1991), citing Harvey v. State, 579 So.2d 22 (Ala.Cr.App.1990). Hostility or impatience is also a valid reason for striking a prospective juror. Mitchell v. State, 579 So.2d 45, 50 (Ala.Cr.App.1991). Also striking a juror because of age may be a valid race-neutral reason. Ex parte Bird, 594 So.2d 676, 682 (Ala.1991). In the instant case, where it was anticipated that the trial would be very lengthy and that numerous volumes of testimony would be presented, we find that the advanced age of a prospective juror was a relevant consideration and was a race-neutral reason.
Furthermore, the strikes based on the gender of the prospective jurors did not violate Batson. A majority of this court has consistently held that Batson does not extend to gender-based strikes. Fisher v. State, 587 So.2d 1027 (Ala.Cr.App.), cert. denied, 587 So.2d 1039 (Ala.1991).; Daniels v. State, 581 So.2d 536 (Ala.Cr.App.1990) (Bowen, J., dissenting), writ, denied, 581 So.2d 541 (Ala. 1991); Dysart v. State, 581 So.2d 541 (Ala.Cr. App.1990), cert. denied, 581 So.2d 545 (Ala. 1991) (Bowen, J., dissenting); Stariks v. State, 572 So.2d 1301 (Ala.Cr.App.1990). See also Parker v. State, 587 So.2d 1072, 1077-78 (Ala.Cr.App.1991) (Bowen, J., noting majority’s position on gender-based strikes).
Having considered the reasons given by the prosecution, we now look to other relevant considerations, including the prosecution’s pattern of striking black prospective jurors, follow-up questions that were asked, and any evidence of disparate treatment. Hart v. State, 612 So.2d 520, 524 (Ala.Cr. App.1992); Ex parte Branch, 526 So.2d 609 (Ala.1987). The appellant places great emphasis on the fact that the judgment of a trial court had been reversed in one instance because of a Batson violation on the part of one of the prosecutors. Jones v. Davis, 835 F.2d 835 (11th Cir.), cert. denied, 486 U.S. 1008, 108 S.Ct. 1735, 100 L.Ed.2d 199 (1988). *1143 However, that prosecutor was not the one who offered the reasons for the strikes at the Batson hearing. The record reflects that that prosecutor had lost his notes and that the court relied on the reasons given by his fellow prosecutor. We know of no case in which the prosecutor who offered the reason was reversed based on a Batson violation. The fact that one prosecutor involved in the case may have been reversed on a Batson violation “does not prove that the prosecutor’s strikes were employed in a racially discriminatory manner.” Hart, 612 So.2d at 524.
Few follow-up questions were asked of any of the venire members. “However, follow-up questioning is not required in every case where a Batson challenge has been presented in order for the state to successfully meet its burden.” Hart, 612 So.2d at 525, citing United States v. Grandison, 885 F.2d 143 (4th Cir.1989), cert. denied, 495 U.S. 934, 110 S.Ct. 2178, 109 L.Ed.2d 507 (1990).
There is no evidence of disparate treatment between white veniremembers and black veniremembers. Sims v. State, 587 So.2d 1271 (Ala.Cr.App.1991), cert. denied, — U.S. -, 112 S.Ct. 1179, 117 L.Ed.2d 423 (1992). The record reflects that white female prospective jurors were also struck. The record also shows that white prospective jurors were struck because they had problems with sitting in judgment of another person and with being sequestered.
We will not reverse a trial court’s Batson ruling unless it is “clearly erroneous.” Mitchell v. State, 579 So.2d 45 (Ala.Cr.App. 1991). The trial court is in a better position to rule on the prosecution’s reasons than this court, and great “deference” should be shown to its findings. Hernandez v. New York, — U.S. -, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). The trial court found that the prosecutor’s reasons were race-neutral; this ruling was not “clearly erroneous.”
For the foregoing reasons the judgment in this case is affirmed.
AFFIRMED.
All the Judges concur except BOWEN, J., who dissents with opinion; and
MONTIEL, J., who dissents with opinion.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct, 1712, 90 L.Ed.2d 69 (1986).