BOWEN, Judge,
dissenting.
Batson v. Kentucky, 476 U.S. 79, 89, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986), held that “the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State’s case against a black defendant.” In the present case, as the majority recognizes, two females were removed from the venire solely because of the fact that each was a female. Nevertheless, the majority continues to hold that the principles of Batson do not apply to discriminatory gender-based peremptory strikes. Once again, I dissent from that holding based on my previously stated position that the removal of veniremembers on the basis of gender discrimination is prohibited under state law. Daniels v. State, 581 So.2d 536, 540-41 (Ala.Cr.App.1990) (Bowen, J., concurring in part and dissenting in part), cert. denied, 581 So.2d 541 (Ala.), cert. denied, — U.S. -, 112 S.Ct. 315, 116 L.Ed.2d 257 (1991); Murphy v. State, 596 So.2d 42 (Ala.Cr.App.1991) (Bowen, J., dissenting). See also Ex parte Fisher, 587 So.2d 1039 (Ala.1991) (Maddox, J., dissenting); Ex parte Dysart, 581 So.2d 545, 546-47 (Ala.1991) (Maddox, J., dissenting); State v. Levinson, 71 Haw. 492, 795 P.2d 845 (1990) (under Hawaii law, defense counsel in wife-murder case may not deliberately pursue a pattern of excluding women from the jury).
The Alabama Supreme Court has repeatedly held that sections 1, 6, and 22 of Article I of the Alabama Constitution of 1901 “combine to guarantee equal protection of the laws.” E.g., City of Hueytown v. Jiffy Chek Co., 342 So.2d 761, 762 (Ala.1977); Pickett v. Matthews, 238 Ala. 542, 545, 192 So. 261, 264 (1939). These sections guarantee to women, as well as men, equal protection of the laws. Peddy v. Montgomery, 345 So.2d 631, 633 (Ala.1977); O’Neal v. Robinson, 45 Ala. 526, 532 (1871). It should be noted that, in the Batson context, the Alabama Supreme Court has held that sections 1, 6, and 22 establish an independent state ground for a defendant’s right to challenge *1144 the removal of black veniremembers on the basis of racial discrimination. See Ex parte Jackson, 516 So.2d 768, 772 (Ala.1986); Ex parte Branch, 526 So.2d 609, 621 (Ala.1987); Ex parte Bird and Warner, 594 So.2d 676, 686 (Ala.1991) (Adams, J., joined by two other justices).
In an expansion of the Batson principles, the United States Supreme Court made it clear that where a veniremember is struck solely on the basis of race, the venire-member’s equal protection rights, as well as the defendant’s, are violated. Powers v. Ohio, 499 U.S. 400, 405-11, 111 S.Ct. 1364, 1368-70, 113 L.Ed.2d 411 (1991). It is without dispute that disparity of treatment on the basis of sex can constitute a violation of the equal protection clause. See generally Falkner v. State, 586 So.2d 39, 42-43, 44-45 (Ala. Cr.App.1991) (containing a collection of cases in which the equal protection clause has been applied to variety of situations involving gender disparity). In my opinion, it logically follows that, if a veniremember’s equal protection rights are violated where that venire-member is struck solely on the basis of his or her race, the equal protection rights 'of a veniremember are also violated where that veniremember is struck solely on the basis of his or her sex.
I find additional support for this position in the statutory mandates concerning juries found in Chapter 16 of Title 12 of the Alabama Code of 1975. Article 2A of that chapter is entitled “Qualifications and Selection of Jurors Generally” and contains the following declaration of policy: “It is the policy of this state ... that all qualified citizens have the opportunity, in accordance with this article, to be considered for jury service in this state and an obligation to serve as jurors when summoned for that purpose.” Ala.Code 1975, § 12-16-55. The next section of Article 2A, § 12-16-56, provides: “A citizen shall not be excluded from jury service in this state on account of race, color, religion, sex, national origin, or economic status.” (Emphasis added). Although §§ 12-16-55 and 12-16-56 are within Article 2A instead of Articles 4 and 5, which govern the selection of jurors in particular criminal and civil cases, respectively, the principles embodied in those sections are, in my opinion, also applicable to the process of striking a petit jury. After the decisions in Batson and Powers, it makes no sense to conclude that, while the statutory mandates of §§ 12-16-55 and 12-16-56 prohibit the State from discriminating on the basis of sex in compiling its jury lists, it may thereafter “resort to discrimination [on that basis] at ‘other stages in the selection process.’ ” Batson, 476 U.S. at 88, 106 S.Ct. at 1718 (quoting Avery v. Georgia, 345 U.S. 559, 562, 73 S.Ct. 891, 893, 97 L.Ed. 1244 (1953)).
Under the decision of the majority, neither the constitutional guarantee of equal protection (federal or state), nor the statutory command of non-discrimination apply to women. I find that conclusion incredible and legally indefensible. In my opinion, women, as well as blacks, should be accorded the same “hon- or and privilege of participating in our system of justice.” Edmonson v. Leesville Concrete Co., — U.S. -, -, 111 S.Ct. 2077, 2082, 114 L.Ed.2d 660 (1991) (holding that the principles of Batson are applicable to private litigants in a civil suit).