The appellant, Joseph Rheaume, was convicted of three counts of receiving stolen property in the second degree, a violation of § 13A-8-18, Code of Alabama 1975. He was sentenced to five years' imprisonment for each offense, the sentences to run concurrently.
 I
The appellant initially contends that the trial court erred in denying his Batson[1] motion. The appellant, who is white, claims that the prosecutor used one of his peremptory strikes to remove a black veniremember because of his race. The United States Supreme Court, in Batson v. Kentucky, held that the exclusion of black veniremembers from a jury trying a black defendant because of the veniremember's race violates the Equal Protection Clause of the Constitution. This principle was later extended to white defendants in Powers v. Ohio, 499 U.S. 400,111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). See also Ex parte Bird,594 So.2d 676, 688 (Ala. 1991).
In this case, the prosecutor used one of his three peremptory strikes to remove a young black male from the venire. He used his other two peremptory strikes to remove two young white males from the venire. Two blacks ultimately served on the appellant's jury. After the appellant made his Batson motion, the trial court asked the state to give its reason for the striking the black veniremember. The state gave the following reason:
 "[PROSECUTOR]: The State struck [J.M.], Judge, in an attempt to strike several young males at the same time. Number seventy-nine was struck on our second strike, which was [S.M.] who is a white young male. Next was number ninety-six, who was struck, who is [L.P.], who is a white young male and then number eighty-four, [J.M.], was struck, completely non-racial reasons for the striking of Mr. [M.] and the other two jurors were left on the jury, leaving a fair accounting of the black race on this jury.
 "The Court: The Court finds that the State's reason is sufficiently race neutral and the Court denies the Defendant's motion to quash the jury based on Batson and its progeny."
(Emphasis added.)
The appellant contends that the state's reason for striking veniremember number 84, a young black male, was not a valid raceneutral *Page 680 
reason. A majority of this court has repeatedly held thatBatson does not extend to gender-based strikes. Fisher v.State, 587 So.2d 1027 (Ala.Cr.App.), cert. denied,587 So.2d 1039 (Ala. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1486,117 L.Ed.2d 628 (1992); Daniels v. State, 581 So.2d 536
(Ala.Cr.App.) (Bowen, J., dissenting), writ denied,581 So.2d 541 (Ala.), cert. denied, ___ U.S. ___, 112 S.Ct. 315,116 L.Ed.2d 257 (1991); Dysart v. State, 581 So.2d 541
(Ala.Cr.App. 1990), cert. denied, 581 So.2d 545 (Ala. 1991) (Bowen, J., dissenting); Stariks v. State, 572 So.2d 1301
(Ala.Cr.App. 1990). See also Parker v. State, 587 So.2d 1072
(Ala.Cr.App. 1991) (Bowen, J., noting the majority's position on gender-based strikes); Bankhead v. State, 625 So.2d 1141
(Ala.Cr.App. 1992) (Bowen and Montiel, JJ., dissenting). Age, however, may be a valid race-neutral reason for striking a potential juror. Ex parte Bird, 594 So.2d 676 (Ala. 1991).
No Batson violation occurred here.
 II
The appellant next contends that there was a fatal variance between the indictment and the evidence produced at trial with respect to the ownership of the stolen property, and, that therefore, his motion for a judgment of acquittal should have been granted. Count one of the state's three-count indictment states, in pertinent part, that the appellant illegally received "a VCR [video cassette recorder], the property of Jr. Food Store # 407, Pensacola, Fl."[2] Count two of the indictment states, in pertinent part, that the appellant illegally received "computer equipment, the property of Miguel's Restaurant, Pensacola, Fl." Count three states, in pertinent part, that the appellant illegally received "movies, the property of Bob's Superette, Pensacola, Fl."
The appellant contends, with respect only to counts one and three, that the state failed to prove the rightful ownership of the stolen property, as alleged in the indictment. As to count one, the evidence adduced at trial showed that the VCR stolen from the Jr. Food Store #407 was actually owned by CBS Company, and that Jr. Food Store # 407 held the VCR as a bailee, and that it rented the VCR to customers. The evidence further showed that Bob's Superette Convenience store held the videotapes as a bailee for a Mr. Thomley, and that it rented the videotapes to customers and received a commission on the rentals.
It is not necessary that the indictment state the name of the ultimate owner of the property; ownership, for purposes of an indictment, is correctly placed in the bailee or the party in lawful possession of the property that is stolen. Estes v.State, 365 So.2d 1259, 1262 (Ala.Cr.App. 1978), writ denied,365 So.2d 1262 (Ala. 1979). See also Belue v. State, 362 So.2d 1330
(Ala.Cr.App. 1978). An indictment charging either larceny or receiving or concealing stolen goods requires an allegation as to whose property was stolen. Eddy v. State, 353 So.2d 67, 72
(Ala.Cr.App. 1977). "The purpose of the allegations in both indictments is to inform the accused of whose property was stolen and to prevent double jeopardy by identifying the particular transaction. Thus there should be no distinction between such cases as to the requirements for proof of ownership." Id.
This court, in Hubbard v. State, 471 So.2d 497
(Ala.Cr.App. 1984), cert. quashed (Ala. 1985), stated:
 "As Judge Clark, writing for this Court in Hubbard v. State, 374 So.2d 427 (Ala.Cr.App. 1979), observed, 'Similar questions of variances between the indictment and the proof have been a source of concern for hundreds of years and have not abated. The principle is clear to the effect that it is not absolutely necessary that the evidence show that title to the property is in the person or legal entity designated in the indictment, but that if the evidence shows that if the individual or legal entity designated in the indictment has a special property right to the property, it is sufficient.' 374 So.2d at 430. See also Riggens v. State, 44 Ala. App. 275, 276, 207 So.2d 141, *Page 681 
142 (1968); Lacey v. State, 13 Ala. App. 212, 68 So. 706, 711 (1915). '[T]o constitute a good indictment for larceny the thing stolen may be charged to be the property of the actual owner or of a person having a special property, as bailee, and from whose possession it was stolen.' Joyce on Indictments § 427 at 487-88 (2nd ed. 1924)."
471 So.2d at 500. See also Baker v. State, 574 So.2d 1018, 1022
(Ala.Cr.App. 1990).
Therefore, even though the actual owners of the stolen VCR and videotapes were not named in the indictment, it was sufficient that the respective bailees, Jr. Food Store # 407 and Bob's Superette, who were in rightful possession of the property when it was stolen, were named.
The trial court did not err in denying the appellant's motion for a judgment of acquittal.
 III
Last, the appellant contends that the trial court erred in allowing Joyce Carver, the manager of the Beulah Jr. Food Store in Pensacola, Florida, to testify to the fact that the VCR was stolen from Jr. Food Store #407, and to its value. Specifically, he argues that, because Carver was neither a manager nor an employee of store #407 at the time of the burglary, she was not qualified to testify and any statement she made would be based on hearsay.
Carver has never been employed at Jr. Food Store # 407. No one who was employed at Jr. Food Store # 407 at the time of the burglary was still in employment on the date of the trial. At the time of the burglary, Carver was the manager of the Jr. Food Store # 111 in Foley, Alabama. On the date of the trial, she was the manager of the Beulah Jr. Food Store in Pensacola, Florida. She was asked by the prosecution whether two VCRs were stolen from the Jr. Food Store # 407. The appellant objected, stating that her testimony would be hearsay, and that she would not be competent to testify. The trial court overruled the objection, and Carver replied, "From what I'm told, yes, sir."
Carver's testimony, while hearsay, was merely cumulative of prior testimony that had been offered without objection. Investigator Michael J. Steele, of the Escambia County, Florida, Sheriffs Department, testified that the VCRs had been stolen from the Jr. Food Store # 407. Not unlike Carver's testimony, Investigator Steele related facts given to him by the representatives of the Jr. Food Store # 407. No hearsay objection was made during his testimony.
As Judge Bowen, speaking for this court in Thomas v. State,520 So.2d 223 (Ala.Cr.App. 1987), stated:
 " 'The rule is that testimony apparently illegal upon admission may be rendered prejudicially innocuous by subsequent legal testimony to the same effect or from which the same facts can be inferred.' Yelton v. State, 294 Ala. 340, 342, 317 So.2d 331 (1974). 'It is not error to allow the same facts to be again shown against objection when they have already been proven without objection.' Bush v. State, 282 Ala. 134, 139, 209 So.2d 416
(1968)."
520 So.2d at 225.
The trial court did not err by allowing Carver to testify as to the fact of the burglary of Jr. Food Store # 407.
The appellant also argues that Carver was not in a position to have enough information about the burglary at the Jr. Food Store # 407 to testify for the state. However, we find that there was no evidence presented to the trial court from which the court could determine that Carver was not competent to testify. The appellant made a broad objection as to Carver's competency, but offered no evidence that she was not competent. The appellant had an opportunity to ask for a hearing or to question Carver before her testimony but failed to do so.
The primary burden of qualifying a witness as competent to testify is on the trial court, Roberson v. State, 384 So.2d 864
(Ala.Cr.App.), cert. denied, 384 So.2d 868 (1980), and decisions regarding the competency of a witness to testify are within its discretion. W.L.O. v. Smith, 585 So.2d 22
(Ala. 1991); Pugh v. State Farm Fire Casualty Ins. Co.,474 So.2d 629 (Ala. 1985). A trial court's determination concerning a witness's competency will not be reversed absent an abuse of that discretion. W.LO., supra; Brackett v. *Page 682 Coleman, 525 So.2d 1372 (Ala. 1988). We find no error in the trial court's ruling.
We also find that it was not error to allow Carver to testify as to the value of the stolen VCRs. This court held inDeBruce v. State, 461 So.2d 889 (Ala.Cr.App. 1984):
 "The only predicate necessary for the receipt of opinion testimony of value is that the witness has had an opportunity to form a correct opinion of the value of the stolen property. State v. Johnson, 268 Ala. 11, 13, 104 So.2d 915 (1958); Tice v. State, 386 So.2d 1180, 1186 (Ala.Cr.App.), cert. denied, Ex parte Tice, 386 So.2d 1187 (Ala. 1980); Alabama Code 1975, § 12-21-114. For purposes of offenses involving theft, 'value' is defined as '(t)he market value of the property at the time and place of the criminal act.' Alabama Code 1975, § 13A-8-1(14)."
461 So.2d at 890. See also C. Gamble, McElroy's AlabamaEvidence § 128.11 (4th ed. 1991).
As part of Carver's responsibilities as a manager of a Jr. Food Store, she frequently rented out VCRs, which were identical to those stolen. Those she rented out were provided by CBS Company, like the stolen ones. She had sufficient "opportunity to form a correct opinion of the value of the stolen property." It was not error to allow Carver to give her opinion of the value of the stolen VCRs.
Further, even if we were to hold that Carver was not qualified to render an opinion as to the the value of the VCRs, her testimony would be cumulative of that of Investigator Steele, who also testified as to the value of the VCRs.Bush, supra. No reversible error occurred here. Rule 45, A.R.App.P.
For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur, except BOWEN, P.J., concurs in result only.
[1] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986).
[2] There was evidence presented at trial that more than one VCR was stolen from the Jr. Food Store. However, the indictment states only one VCR was illegally received and the jury returned a verdict of guilty as charged in the indictment.