COMMONWEALTH *vs.* WILLIAM J. SAMUEL.

Norfolk. February 4, 1986. — July 16, 1986.

Present: WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Examination of jurors, Instructions to jury, Challenge of jurors, Judicial discretion. *Jury and Jurors. Evidence,* Relevancy and materiality.

A criminal defendant did not properly raise for appellate review the issue whether he had been denied his constitutional right to a jury representative of a fair cross section of the community. [94-95]

Young persons do not comprise an identifiable grouping of prospective jurors at a criminal trial, the exclusion of whom through the prosecution's use of peremptory challenges would have been a constitutional violation; nor did the prosecutor improperly challenge and exclude women from the jury. [95]

A judge's inquiry, in open court, whether the defense had exhausted its peremptory challenges, was nonprejudicial. [95]

At a criminal trial, the judge's instructions to the jury adequately dealt with any adverse inference that might improperly have been drawn from testimony that the police, by comparing fingerprints, discovered that the defendant had given a false name. [96]

At a criminal trial the judge acted within his discretion in his treatment of an incident in which a juror observed the defendant entering the court-house in shackles and told a second juror what he had seen. [96]

At a criminal trial the judge did not abuse his discretion by refusing to remove a juror who appeared ill during the jury's deliberations, or in refusing to question the other jurors individually about his influence. [96]

At a criminal trial, the defendant failed adequately to demonstrate the relevance of proffered evidence as to the claimed criminal record of the stepson of the owner of an automobile allegedly used by the defendant in committing the crimes. [97]

At a criminal trial the judge's reference to certain evidence in the course of his charge to the jury did not imply an expression of his opinion on the strength of the defendant's case. [97]

INDICTMENTS found and returned in the Superior Court Department on March 12, 1984.

The cases were tried before *Thomas E. Dwyer*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Janet B. Fierman* for the defendant.

*Stephanie Martin Glennon*, Assistant District Attorney (*Charles J. Hely*, Assistant District Attorney, with her) for the Commonwealth.

LIACOS, J. The defendant, William J. Samuel, was convicted on December 20, 1984, of breaking and entering a dwelling house in the nighttime with the intent to commit a felony, of committing actual assaults therein, and of two charges of assault and battery.[1] He appeals from those convictions, challenging the fairness of his trial due to the jury composition, and claiming a number of errors on the part of the trial judge. We transferred the case to this court on our own motion. We affirm.

1. *Jury composition.* The defendant claims that he was deprived of a fair trial by a jury of his peers. He points to the jury selection system in Norfolk County at the time of his trial and the prosecution's use of peremptory challenges as bases for this claim.

a. *The jury venire.* "To prove that a petit jury selection process infringes the defendant's right, under the Sixth and Fourteenth Amendments to the United States Constitution, to have a jury representative of a fair cross section of the community, he must show 'that the group alleged to be excluded is a "distinctive" group in the community; . . . that the representation of this group in venires . . . is not fair and reasonable in relation to the number of such persons in the community; and . . . that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.' *Duren* v. *Missouri*, 439 U.S. 357, 364 (1979). See *Taylor* v. *Louisiana*, 419 U.S. 522, 531 (1975)." *Commonwealth* v. *Pope*, 392 Mass. 493, 500 (1984).

The defendant has not complied with the requirements of Mass. R. Crim. P. 13 (a) (2), 378 Mass. 871 (1979), and

---

[1] Samuel was tried with another defendant who is not a party to the appeal.

Mass. R. Crim. P. 20 (a), 378 Mass. 889 (1979), to raise this issue, and hence it is not properly before us. *Commonwealth* v. *DeArmas,* 397 Mass. 167, 169-170 (1986). *Commonwealth* v. *Pope, supra* at 498, and cases cited. We note there is no evidence to support his claims in this record.[2] See *Commonwealth* v. *Williams,* 378 Mass. 217, 221-222 (1979); *Commonwealth* v. *Peters,* 372 Mass. 319, 322-323 (1977).

b. *The prosecution's peremptory challenges.* The defendant claims that the prosecution improperly excluded young women from the jury by use of peremptory challenges. Only when exclusion of jurors is on the basis of their membership in particular, defined groupings is the use of peremptory challenges a constitutional violation. Those groupings are defined in art. 1 of the Declaration of Rights of the Constitution of the Commonwealth, as amended by art. 106. *Commonwealth* v. *Soares,* 377 Mass. 461, 486 & n.29, cert. denied, 444 U.S. 881 (1979). See *Batson* v. *Kentucky,* 476 U.S. 79, 88-89, 96-98 (1986). Cf. *Commonwealth* v. *Acen,* 396 Mass. 472, 478 (1986). There is no constitutional basis for challenging the exclusion of young persons. *Commonwealth* v. *Bastarache,* 382 Mass. 86, 94-95 (1980). *Barber* v. *Ponte,* 772 F.2d 982, 998-999 (1st Cir. 1985) (en banc). The prosecution did not use peremptory challenges to exclude women — a particular, defined group — from the jury.[3] The defendant's claim cannot be sustained.

2. *Other claims of error.* The defendant makes several other claims of error, relating to the judge's denials of motions for mistrial based on alleged extraneous influences on the jury. None of these claims justifies reversal of the judge's rulings. We review the claims briefly.

a. The judge, in open court, asked the clerk whether the defendants had exhausted their peremptory challenges. The defendant compares this to a " [j]udicial expression[ ] of opinion to the jury as to a defendant's guilt." There is no support for this claim in the defendant's brief, and so we do not consider it. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975).

[2] Appellate counsel was not trial counsel in this case.

[3] Four women served on the jury panel.

b. A police detective testified that he discovered, after finger-print comparisons, that the name the defendant had given to the police was false. The defendant claims that this testimony could have resulted in the jury's drawing the inference that he had a criminal record. The judge gave the jury adequate caution-ary instructions on this issue. There was no error. See *Common-wealth* v. *Jackson*, 384 Mass. 572, 579-580 (1981).

c. One of the jurors observed the defendant entering the courthouse in shackles and told a second juror what he had seen. The defendant says this "encounter carries with it a strong presumption of prejudice," requiring a voir dire of the jury. The judge did conduct an individual voir dire of the two jurors involved. Both jurors stated they could decide the case solely on the evidence. The judge was satisfied but, out of caution, also gave an appropriate cautionary instruction to the jury. Determination of potential juror prejudice is a matter within the sound discretion of the trial judge. See *Commonwealth* v. *Cameron*, 385 Mass. 660, 668 (1982); *Commonwealth* v. *Jackson*, 376 Mass. 790, 799 (1978). The judge did not abuse his discretion.

d. The behavior of one of the jurors came to the attention of the judge because the juror seemed to be ill. He was not ill; he told the judge, "I don't want to be, but I'm here." It was reported that on his return to the jury room, the juror said, "'I just want to warn all of you people, you have to look at everyone. You can't put your head down and listen. You have to look.' And then the young juror [a different person] . . . said, 'Sir, I want to tell you that you're distracting all of us and I don't like it.'" The defendant claims that the judge erred by refusing to remove the juror who had appeared ill and by refusing to question the jurors individually about his influence. We discern no reason to conclude that the judge abused his discretion. *Commonwealth* v. *Ciminera*, 11 Mass. App. Ct. 101, 109-110 (1981). Cf. *Commonwealth* v. *Connor*, 392 Mass. 838, 842-847 (1984) (caution to be exercised in dismiss-ing *deliberating* juror); *Commonwealth* v. *Dickerson*, 372 Mass. 783, 794-795 (1977) (judge's discretion in jury selec-tion).

e. The judge did not permit the defendant to elicit testimony about the claimed criminal record of the stepson of the owner of the automobile allegedly used by the defendant to drive to the scene of the crimes. The defendant says that this refusal, combined with the admission of testimony that the stepson was in the hospital on the date of the crimes, tended "to divert suspicion away from [the stepson] as perpetrator of the crimes alleged and add to the circumstantial evidence against the defendant." The defendant made an inadequate showing of the relevance of the stepson's possible criminal record and incarceration at a time other than the date of the alleged crimes. The judge correctly excluded the testimony.

f. During his charge to the jury, the judge gave examples of the direct evidence introduced in the case. That evidence included the presence of the automobile at the scene of the crime. The defendant says that, by mentioning the automobile, "the judge expressed his opinion on the strength of the defendant's case." There was no undue emphasis on any of the evidence mentioned in the judge's charge. The judge clearly instructed the jury that they must determine the facts and queried that "it follows . . . does it not, that . . . nothing which I say during these instructions, no reference that I may make to the facts during the course of these instructions . . . or anything I may say relative to the facts in this case, none of that should be taken by you as any indication of how the Judge feels as to the facts? To put it rather bluntly, the facts are none of the Judge's business. They are, I repeat, solely and exclusively the jury's business." The judge did not express his opinion as to the defendant's guilt by his reference to the evidence introduced during the trial.

3. *Summary.* We conclude there was no error which requires a new trial.

*Judgments affirmed.*