Belinda C. HANNAN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 88–CA–932–MR.

Court of Appeals of Kentucky.

June 23, 1989.

Case Ordered Published by Court of Appeals July 21, 1989.

As Modified July 28, 1989.

Thomas L. Conn, Lexington, for appellant.

Frederic J. Cowan, Atty. Gen. and Vickie L. Wise, Asst. Atty. Gen., Frankfort, for appellee.

Before ELSWICK, HAYES and HOWARD, JJ.

HOWARD, Judge.

The appellant in this criminal case appeals her Fayette Circuit Court conviction on the grounds that the Commonwealth violated the equal protection clause by using its peremptory challenges to remove female jurors.

The appellant, Belinda C. Hannan, was indicted in February of 1988 for theft by unlawful taking over $100 and unlawful transaction with a minor. The indictment stemmed from an incident on January 3, 1988, when the appellant and a juvenile allegedly took merchandise worth over $100 from the Lazarus Department Store in Lexington, Kentucky.

A trial was held on March 1, 1988. The jury pool consisted of twenty women and eight men. The Commonwealth used three peremptory challenges to strike males and two to strike females. Defense counsel used his peremptory strikes to remove three women and one man. Three women and three men were eliminated by lot. The remainder, eleven women and one man, served as the jury plus there was a female alternate.

Following the jury selection, defense counsel asked the court to permit him to examine the Commonwealth's list of peremptory strikes. The reason offered by defense counsel was that he wanted to preserve an issue under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Defense counsel sought to extend the equal protection prohibition in *Batson, supra,* against the use of peremptory challenges to strike jurors due to race, to challenges based on gender. The trial court rejected defense counsel's argument.

Following the presentation of evidence, the appellant was convicted by the jury on both charges contained in the indictment. The appellant received one year on each count, to be served concurrently, but the sentence was reduced to probation for five years. This appeal follows.

The sole contention on appeal is that the appellant was denied equal protection under the law when the Commonwealth peremptorily challenged female jurors.

■ The first question is whether *Batson, supra,* can be extended to the peremptory challenges of female jurors.

The extension of *Batson, supra,* to female jurors has not been considered in this jurisdiction. Only a few cases have been generated in other jurisdictions, and these decisions are conflicting.

In *United States v. Hamilton*, 850 F.2d 1038 (4th Cir.1988), the Court rejected the argument that the Equal Protection Clause compelled an extension of *Batson, supra,* to peremptory challenges on the basis of gender. The Court stated that while it did not approve of striking jurors for any reason related to some group classification, it found no authority to extend *Batson, supra,* beyond instances of racial discrimination.

In *People v. Crowder,* 161 Ill.App.3d 1009, 113 Ill.Dec. 798, 515 N.E.2d 783 (1987), the Court held that a male defendant had no standing to request a *Batson* hearing when the state had used its peremptory challenges to exclude women from the jury. It is not clear whether the Illinois Court ruled that the defendant had no standing because he was male and the strikes were against women or because no question of race was involved.

The Court in *Commonwealth v. Samuel,* 398 Mass. 93, 495 N.E.2d 279 (1986), held that young people in general were not a defined group so that peremptory challenges to exclude them would be a constitutional violation. The Court stated in dicta that women would be a particular defined group for purposes of such a claim.

The only case we could find in which a court squarely holds that *Batson, supra,* applies to gender-based peremptory challenges is *People v. Irizarry,* 142 Misc.2d 793, 536 N.Y.S.2d 630 (Sup.Ct.1988). In that case, the prosecution used its peremptory challenges to strike 9 women and 1 man.

In *Batson, supra,* 476 U.S. at 89, 106 S.Ct. 1712, at 1719, 90 L.Ed.2d at 82, the Court does make a general statement that "the component of the jury selection process at issue here, the State's privilege to strike individual jurors is subject to the commands of the Equal Protection Clause." But throughout the majority opinion, the court discusses the equal protection safeguards only in terms of racial discrimination.

In his dissent in *Batson, supra,* then Chief Justice Burger argued that the majority did not apply traditional equal protection analysis to the issue, but by the language employed, limited the new rule to peremptory challenges based on racial discrimination. Burger went on to state that if conventional principles of equal protection did apply, peremptory challenges on the basis of gender, *Craig v. Boren,* 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976), age, *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976), or any other classification subject to scrutiny under equal protection would be prohibited.

In our view, *Batson, supra,* does not offer any authority for the extension of the principles contained therein beyond racial discrimination. If such an extension is warranted, we think it best be done by the United States Supreme Court or the Kentucky Supreme Court. But even if we held that the rule of *Batson, supra,* could be applied to gender-based discrimination, there would be no violation of equal protection in the case at bar.

■ Under *Batson, supra,* the defendant must make a prima facie showing of discrimination. If the defendant succeeds in making this prima facie showing, the burden shifts to the prosecution to come forward with a neutral explanation for challenging black, in this case female, jurors.

The Court in *Batson, supra,* explained that to establish a prima facie case of discrimination first the defendant must show that he or she is a member of a cognizable racial group and the prosecution exercised its peremptory challenges to remove members of the defendant's race. Second, the defendant could rely on the fact that one who desires to discriminate in the exercise of peremptory challenges will do so if permitted. Finally, the defendant must show that all the relevant circumstances raise the inference that the prosecutor used his peremptory strikes to exclude jurors solely because of their race.

We cannot see how the appellant could make a prima facie showing of discrimination on the part of the Commonwealth. The jury panel was over 70% female.

Based on that percentage, one could easily show the Commonwealth could peremptorily strike more women than men. But in fact, the Commonwealth used more peremptory challenges against males than females. Moreover, over 90% of the actual jury was female and the alternate was female. Thus, even if one presumes that the appellant succeeded in satisfying the first two elements of the prima facie showing, she certainly failed in the third. In our view, it could not be reasonably said that the relevant circumstances raise the inference that the Commonwealth attempted to exclude jurors because they were female.

The judgment is affirmed.

All concur.