596 So.2d 45 (1992)
Ex parte Anthony P. MURPHY.
(Re Anthony Paul Murphy v. State).
1910336.
Supreme Court of Alabama.
March 20, 1992.
William R. Blanchard of Blanchard, Calloway, Campbell & Jackson, P.C., Montgomery, for petitioner.
James H. Evans, Atty. Gen., and Andy S. Poole, Asst. Atty. Gen., for respondent.
PER CURIAM.
WRIT DENIED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
MADDOX, ADAMS and INGRAM, JJ., dissent.
MADDOX, Justice (dissenting).
This petition for writ of certiorari presents one issue: whether the Court of Criminal Appeals erred in holding that the principle of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), does not apply to the use of gender-based peremptory strikes. Because I believe that the Batson principle does extend to gender-based strikes, I would issue the writ and review the holding of the Court of Criminal Appeals to determine whether the State used its peremptory challenges in this case to exclude men from the trial jury solely because they were men.[1] I must respectfully dissent from the majority's decision to deny the writ of certiorari.
In dealing with the petitioner's gender-based argument, the Court of Criminal Appeals stated:
"The appellant initially argues that the trial court erred in denying his Batson motion based on his allegation that males were improperly excluded from the jury. This issue has come before this court on more than one occasion. The law currently states that Batson does not extend to gender-based strikes. Fisher v. State, 587 So.2d 1027 (Ala.Crim.App. 1991), writ denied, 587 So.2d 1039 (Ala. 1991); Daniels v. State, 581 So.2d 536 (Ala.Crim.App.1990), writ denied, 581 So.2d 541 (Ala.1991); Dysart v. State, 581 So.2d 541 (Ala.Crim.App.1990), cert. denied, 581 So.2d 545 (Ala.1991); Stariks v. State, 572 So.2d 1301 (Ala.Crim.App. 1990)."
Murphy v. State, 596 So.2d 42 (Ala.Crim. App.1991).
Based upon my reading of Batson and the cases of the United States Supreme *46 Court extending Batson,[2] I conclude that Batson does apply to gender-based strikes. It appears to me, based on the various holdings of the United States Supreme Court, that when the issue of gender-based strikes is squarely presented to it, that Court will hold that the State, in a criminal case, cannot use its peremptory challenges to exclude either men or women, as a cognizable group, from jury service solely because of their sex.
One of the latest cases discussing the question of gender-based strikes is Dias v. Sky Chefs, Inc., 919 F.2d 1370 (9th Cir. 1990). There, a female plaintiff, suing her former employer, had used her peremptory challenges to remove three males from the jury, the effect of which was to give her an all-female jury. The United States Court of Appeals for the Ninth Circuit held, in part, as follows:
"... Sky Chefs asserts that its Fifth Amendment rights were violated by the plaintiff's use of peremptory challenges to strike three males from the jury venire, leaving an all-woman jury, relying on Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We review this issue of law de novo, United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). We pay it particular attention since this court has recently extended the Batson equal protection right to gender-based peremptory challenges in criminal cases. United States v. De Gross, 913 F.2d 1417, 1423 (9th Cir.1990).
"....
"Petitioner, a corporation, cannot claim to be a member of the constitutionally protected class allegedly excluded from the jury, i.e., males. We need not reach the question of whether or not males are a constitutionally cognizable `suspect class' since defendant is not even a member of that class. Although the Court has yet to rule on `whether a defendant's race affects his standing to invoke Batson,' Holland [v. Illinois], [493 U.S. 474, 110 S.Ct. 803, 107 L.Ed.2d 905 (1990)] [110 S.Ct.] at 814 (Marshall, J., dissenting), we are aware of no authority that in an individual case a corporation (or even a male defendant) is entitled, under the equal protection clause, to a jury of any particular gender. Cf. Apodaca v. Oregon, 406 U.S. 404, 413, 92 S.Ct. 1628, 1634, 32 L.Ed.2d 184 (1972).
"Even if Batson were to be extended to allow black defendants to challenge peremptory strikes of white venirepersons or vice versa, see Holland [493 U.S. at 487-490, 110 S.Ct.] at 811-812 (Kennedy, J., concurring), [110 S.Ct. at] 813-814 (Marshall, J., dissenting), [110 S.Ct. at] 821-822 (Stevens, J., dissenting), it does not logically follow that corporations would be allowed the same latitude. Nothing in equal protection jurisprudence suggests that corporations should be considered a suspect class meriting heightened judicial review. See, e.g., Railway Express Agency v. New York, 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533 (1949). Sky Chefs has made no attempt to show that the peremptories were irrational or discriminatory against corporations alone."
919 F.2d at 1377-79.
The United States Supreme Court granted certiorari review in Dias, vacated the Court of Appeals' decision, and remanded the case for reconsideration in light of Edmonson v. Leesville Concrete Co., ___ U.S. ___, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), had already settled the question whether a defendant had to be a member of the excluded class. Sky Chefs, Inc. v. Dias, ___ U.S. ___, 111 S.Ct. 2791, 115 L.Ed.2d 965 (1991).
On remand, the Ninth Circuit, in Dias, found another reason not to reach the issue. It held that the defendant/employer had failed to timely raise the issue of the plaintiff/employee's use of peremptory challenges to remove venirepersons because they were men. Dias v. Sky Chefs, Inc., 948 F.2d 532, 534 (9th Cir.1991). On *47 March 9, 1992, the Supreme Court denied the defendant/employer's petition for the writ of certiorari. Sky Chefs, Inc. v. Dias, ___ U.S. ___, 112 S.Ct. 1294, 117 L.Ed.2d 517 (1992).[3]
Although I realize that most jurisdictions refuse to hold that the Batson principle is applicable to gender-based strikes,[4] and although I realize that there is apparent disagreement among the United States Courts of Appeals on the question,[5] I, nevertheless, believe that my dissenting views in Ex parte Dysart, 581 So.2d 545 (Ala.1991), are sound, and that when the issue is squarely presented to the United States Supreme Court that Court will expand the Batson principle to apply to gender-based strikes in instances where men or women, as a cognizable group, are excluded from jury service solely because of their sex.
Dias was a civil case, involving a corporate defendant. This is a criminal case involving an individual defendant. While I realize that the United States Supreme Court has refused to review the Dias decision after remand, it seems to me, in view of what the Supreme Court said when it remanded Dias, and what the Court said in other cases involving the application of Batson, that the Batson principle is applicable to this case. I believe that the Batson principle will ultimately be applied to a case such as this, because it would seem to me that a person's gender is completely unrelated to an individual's ability to participate on a jury and be impartial.
Furthermore, even assuming there may be no fundamental right, under the federal constitution upon which a defendant might challenge the State's use of its peremptory challenges to exclude men or women, as a class, from jury service solely because of their sex, there is at least one independent reason why such a procedure is impermissible in Alabama. Alabama's policy regarding the right of a person not to be excluded from jury service is plain: "A citizen shall not be excluded from jury service in this state on account of race, color, religion, sex, national origin or economic status." Ala.Code 1975, § 12-16-56.
Based on the foregoing, I would grant the writ; consequently, I must respectfully dissent.
ADAMS and INGRAM, JJ., concur.
NOTES
[1] The reasoning that I set forth in my dissenting opinion in Ex parte Dysart, 581 So.2d 545, 546 (Ala.1991), applies with equal force today; however, I need not repeat that reasoning here.
[2] Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); Edmonson v. Leesville Concrete Co., ___ U.S. ___, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991).
[3] The denial of certiorari review, in my opinion, means only that the Court would not review a constitutional claim that was not timely raised.
[4] See, e.g., State v. Pullen, 811 S.W.2d 463 (Mo. App.1991); State v. Harrison, 805 P.2d 769 (Utah App.1991); Mowbray v. State, 788 S.W.2d 658 (Tex.App.1990); Hannan v. Commonwealth, 774 S.W.2d 462 (Ky.App.1989); Hodges v. State, 27 Ark.App. 154, 767 S.W.2d 541 (1989); and State v. Oliviera, 534 A.2d 867 (R.I.1987).
[5] See, United States v. Hamilton, 850 F.2d 1038 (4th Cir.1988); United States v. De Gross, 913 F.2d 1417 (9th Cir.1990); and United States v. Nichols, 937 F.2d 1257 (7th Cir.1991).