The appellant, Angela Kaye Talley, was indicted on September 18, 1990, for the capital offense of murder "done for a pecuniary or other valuable consideration." Code of Alabama 1975, § 13A-5-40(a)(7). At arraignment, she pleaded not guilty and not guilty by reason of mental disease or defect. Before trial, the plea of not guilty by reason of mental disease or defect was withdrawn. On February 4, 1993, a jury found the appellant guilty of the capital offense charged in the indictment. On the same date, she waived sentencing hearings before the jury and the court and agreed to be sentenced immediately. Upon recommendation by the state that she be sentenced to life imprisonment without the possibility of parole, the trial court accepted the recommendation, adjudged her guilty, and sentenced her to life imprisonment without the possibility of parole. She appeals, raising five issues.
The state's evidence tended to show that the appellant and her paramour, Kendall Pinyan, conspired to kill, and did kill, her husband, Donald Hoyt Talley, for the proceeds of his life insurance. Pinyan was also indicted for the capital offense. He entered into an agreement with the state pursuant to which he agreed to testify against the appellant in exchange for pleading guilty to murder and receiving a sentence of life imprisonment. The appellant, testifying during the trial, admitted to conspiring with Pinyan to kill her husband. The theory of her defense was the "battered wife" syndrome.
One of the issues raised on appeal by the appellant is aBatson[1] issue. She contends that the trial court committed reversible error in denying her motion to require the state to provide nondiscriminatory reasons for using all of its peremptory strikes to remove females from the jury venire. This *Page 1007 
issue was timely and properly raised in the trial court and is properly before us for review.
The record shows that the state used all of its peremptory strikes to remove 13 females (including one alternate) from a venire of 37, of whom 22 were female. Seven members of the jury that tried the case were females and of the two alternate jurors, one was female. All of the defendant's strikes except two removed males. The trial court, applying the law at the time, denied the motion. See Ex parte Murphy, 596 So.2d 45
(Ala. 1992), cert. denied, 506 U.S. 827, 113 S.Ct. 86,121 L.Ed.2d 49 (1992).
Since the trial of this case, the United States Supreme Court, in J.E.B. v. Alabama, ___ U.S. ___, 114 S.Ct. 1419,128 L.Ed.2d 89 (1994), has extended Batson, holding that the Equal Protection Clause prohibits discrimination in jury selection on the basis of gender. This holding is retroactive as to all cases pending on direct appeal on the date of the decision.Allen v. State, 659 So.2d 135 (Ala.Cr.App. 1994).
In view of J.E.B. v. Alabama and Allen v. State, and based on the record in this case, we find it necessary to remand this cause to the circuit court with instructions that it conduct an evidentiary hearing to determine whether the state exercised its peremptory strikes in such a manner as to discriminate against prospective jurors on the basis of gender. In conducting these proceedings, the trial court shall apply the basic mechanics of Batson and Ex parte Branch, 526 So.2d 609
(Ala. 1987). For a further discussion of the procedures to be followed, see Allen v. State. We point out that initially theappellant has the burden of establishing a prima facie case ofgender discrimination. If a prima facie case is established, the burden shifts to the state, which must, if possible, come forward with gender-neutral explanations for its strikes. If the trial court determines that a prima facie case of gender discrimination has been established and the state fails to advance gender-neutral reasons for its strikes, the judgment of conviction must be set aside and a new trial ordered. We call the trial court's attention to the recent case of Ex parteThomas, 659 So.2d 3 (Ala. 1994), partially overruling Harrellv. State, 571 So.2d 1270 (Ala.), cert. denied, 499 U.S. 984,111 S.Ct. 1641, 113 L.Ed.2d 736 (1990), because the instant case is analogous to that case. In Thomas, the court held that the fact that blacks formed a higher percentage of the jury than of the venire did not in and of itself excuse the state from giving race-neutral reasons for its strikes. The same reasoning would now apply to gender-based strikes. Due return shall be made by the trial court of the action taken below, which shall include written findings of fact, conclusions of law, and a transcript of the proceedings. The trial court shall take necessary action to see that the circuit clerk makes said return to this court at the earliest possible time within 120 days of the release of this opinion.
We pretermit discussion of the other issues raised on appeal at this time.
REMANDED WITH INSTRUCTIONS.
All judges concur.
[1] Batson, v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986).