The appellant, Raymond Phillip Morris, was convicted in municipal court of criminal surveillance in violation of §13A-11-32, Code of Alabama 1975, for watching a woman undress in a tanning booth adjacent to the one he was using. Morris appealed his conviction to the Houston Circuit Court for a trial de novo. A jury found Morris guilty of criminal surveillance. The trial court sentenced Morris to 10 days in the city jail. The jail term was suspended contingent upon Morris's payment of a $100 fine and court costs. He also was placed on unsupervised probation for two years.
On appeal, Morris maintains that the City of Dothan violatedBatson v. Kentucky, *Page 980 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), because, he says, it used its peremptory strikes to discriminate on the basis of gender. Morris contends the City improperly used eight of its nine peremptory strikes to remove men from the jury, leaving "one or two" males on the jury. The record shows that the City struck a woman whose son was an attorney in Dothan. Defense counsel argued at trial that, especially in light of the nature of the case against Morris, the City should be required to give gender-neutral reasons for its strikes. The trial court denied Morris's motion, saying that the defense had not made a prima facie case of discrimination that would be recognized under Batson or any case arising out of Batson.
The United States Supreme court has extended Batson to cover gender-based strikes, saying, "[T]he Equal Protection Clause prohibits discrimination in jury selection on the basis of gender, or on the assumption that an individual will be biased in a particular case for no reason other than the fact that the person happens to be a woman or happens to be a man." J.E.B. v.Alabama, ___ U.S. ___, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). Therefore, if Morris can establish a prima facie case of gender discrimination, he may have a valid Batson argument.
In Ex parte Thomas, 659 So.2d 3 (Ala. 1994), the Alabama Supreme Court overruled dicta in Harrell v. State,571 So.2d 1270 (Ala. 1990), cert. denied, 499 U.S. 984, 111 S.Ct. 1641,113 L.Ed.2d 736 (1991), and held that a mere showing that a prosecutor struck blacks, even if the percentage of blacks on the jury is greater than the percentage of blacks on the venire, may be sufficient to establish a prima facie case of discrimination. In this case, Morris based his Batson motion on that fact that the prosecutor used eight of his nine peremptory challenges to remove males from the jury. In applying the principle set forth in Thomas to the facts in this case, this may be enough to show Morris established a prima facie case of discrimination against men.
Because Batson has been expanded to include gender-based strikes, this cause is remanded to the circuit court for a determination whether Morris made a prima facie case of discrimination against male veniremembers. If the trial court finds Morris made a prima facie case, it should then determine whether the City had gender-neutral reasons for striking males from the jury. The circuit court is instructed to file a return to this court within 60 days of the date of this opinion and to include in that return the court's written findings and conclusions, along with any testimony.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* On return to remand, the court on March 3, 1995, dismissed the appeal, without opinion.