MONTIEL, Judge.
The appellant, Larry Dennis Roy, was indicted for the capital murder of David Wayne Brown. The jury found the.appellant guilty as charged in the indictment and the jury recommended a sentence of death. The trial judge accepted with the jury’s recommendation and sentenced the appellant to death.
In its brief to this court, the appellant contends that the State used its peremptory strikes to discriminate on the basis of gender. He alleges that the State used 15 of its 18 peremptory strikes to exclude females from the venire.
“Since the trial of this case, the United States Supreme Court, in J.E.B. v. Alabama, 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994), has extended Batson, holding that the Equal Protection Clause prohibits discrimination in jury selection on the basis of gender. This holding is retroactive as to all cases pending on direct appeal on the date of the decision. Allen v. State, 659 So.2d 135 (Ala.Cr.App.1994).
“In view of J.E.B. v. Alabama and Allen v. State, and based on the record in this case, we find it necessary to remand this cause to the circuit court with instructions that it conduct an evidentiary hearing to determine whether the state exercised its peremptory strikes in such a manner as to discriminate against prospective jurors on the basis of gender. In conducting these proceedings, the trial court shall apply the basic mechanics of Batson and Ex parte Branch, 526 So.2d 609 (Ala.1987). For a further discussion of the procedures to be followed, see Allen v. State. We point out that initially the appellant has the burden of establishing a prima facie case of gender discrimination. If a prima facie case is established, the burden shifts to the state, which must, if possible, come forward with gender-neutral explanations for its strikes. If the trial court determines that a prima facie case of gender discrimination has been established and the state fails to advance gender-neutral reasons for its strikes, the judgment of conviction must be set aside and a new trial ordered. We call the trial court’s attention to the recent ease of Ex parte Thomas, 659 So.2d 3 (Ala.1994), partially overruling Harrell v. State, 571 So.2d 1270 (Ala.), cert. denied, 499 U.S. 984, 113 L.Ed.2d 736, 111 S.Ct. 1641 (1990), because the instant case is analogous to that case. In Thomas, the court held that the fact that blacks formed a higher percentage of the jury than of the venire did not in and of itself excuse the state from giving race-neutral reasons for *936 its strikes. The same reasoning would now apply to gender-based strikes.”
Talley v. State, 669 So.2d 1006 (Ala.Crim.App.1994). We note that on September 2, 1994, the Alabama Supreme Comí withdrew its May 20,1994 opinion in Ex Parte Thomas and substituted another. See also Morris v. City of Dothan, 659 So.2d 979 (Ala.Crim.App.1994) and Knight v. State, 652 So.2d 769 (Ala.Crim.App.1994).
The trial court is instructed to file a return to this court within 120 days of this opinion. The return should include written findings of fact, conclusions of law, and a transcript of all proceedings. Because we are remanding this cause, we pretermit discussion of the other issues raised on appeal.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.